# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| JEFFERY GEHRINGER, <br><br> PLAINTIFF, <br><br> vs. <br><br> COMMONWEALTH FINANCIAL SYSTEMS, INC. d/b/a/ PENNSYLVANIA'S CFS INC., <br><br> DEFENDANT. | Case No.: <br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, JEFFERY GEHRINGER, BY AND THROUGH COUNSEL, MICHAEL B. HALLA, and for his Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Conroe, Montgomery County, Texas.

3. Venue is proper in the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff is a natural person residing in the City of Conroe, Montgomery County, Texas.

5. The Defendant to this lawsuit is Commonwealth Financial Systems, Inc. d/b/a Pennsylvania's CFS Inc., which is a foreign corporation and its registered agent for service of process is CT Corporation System, who may be found at 1999 Bryan St., Ste. 900 Dallas, TX 75201 and conducts business in the State of Texas.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed to a third party in the amount of $837.00 (the alleged "Debt").

7. Plaintiff disputes the alleged Debt.

8. On November 2, 2020, Plaintiff obtained his Equifax and Trans union credit disclosures and noticed Defendant reporting the alleged Debt as collection item.

9. On or about November 7, 2020, Plaintiff sent Defendant a letter disputing the collection item.

10. On February 26, 2021, Plaintiff obtained his Equifax and Trans Union credit disclosures, which showed Defendant last reported the collection item

reflected by the Equifax and Trans Union on February 15, 2021 and failed or refused to flag them as disputed, in violation of the FDCPA.

11. In the credit reporting industry, data furnishers such as the Defendant communicate electronically with the credit bureaus.

12. Defendant had more than ample time to instruct Equifax and Trans Union to flag its collection item as Disputed.

13. Defendant's failed, or intentionally refused, to have its collection item on Plaintiff's credit report flagged as disputed, and said inaction was either negligent or willful.

14. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. His credit report continues to be damaged due to the Defendant's failure to properly report the associated collection item.

## VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

20. Defendant has suffered harm and damage at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

21. Defendant's failure to flag its collection items on Plaintiff's consumer credit file is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of his credit report that he has simply ignored this debt when, in fact, he disputes their validity.

22. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

23. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Statutory costs and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  April 30, 2021

Respectfully submitted,

By: /s/ *Michael B. Halla*
    Michael B. Halla, Esq.
    Attorney at Law
    Texas State Bar No. 00793128
    187 Rolling Court,

Lancaster, Texas 75146
Telephone: (469) 518.0872
Facsimile: (214) 540.9333
email: mhalla@hallalawfirm.com
*Counsel for Plaintiff,*
*Jeffery Gehringer*